## Spangler's Estate.

*Wills—Construction—When "either" may not be construed "each."*
Where testator, in bequeathing the principal of a fund on the death of his wife and half-sister, directs that such devolution is to take effect "on the death of either of them or both of them," and in a subsequent paragraph bequeaths to his wife's niece $1000 for her education, and then directs that "on the death of either my half-sister or wife" said niece shall receive the sum of $5000 additional out of the principal of the share of the one so dying, the word "either" is used disjunctively in the latter paragraph; and the niece having received $5000 on the death of the widow, is not entitled to another $5000 on the death of the half-sister.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1897, No. 477.

*Duane, Morris & Heckscher,* for excepant; *Arthur Littleton,* contra.

THOMPSON, J., Jan. 20, 1922.—Testator died Aug. 31, 1897, leaving a will duly proved, wherein he provided as follows:

"Sixth. I give and bequeath to my wife's niece, Tillie P. Coulter, whom I have raised and educated, the sum of One thousand Dollars ($1,000); and I do further direct that on the death of either my half sister or wife, the said Tillie Coulter shall receive the sum of Five thousand Dollars ($5,000) additional out of the principal of the share of the one so dying before any distribution shall be made as has been hereinbefore directed."

The widow having elected to take against the will, upon the filing of the first account of the trustee, her election was held equivalent to her death, and

### Spangler's Estate.

the $1000 and $5000 legacies mentioned in the above paragraph were awarded to Tillie P. Coulter. Bertha E. Adams, the half-sister of testator, referred to in the above paragraph, died May 26, 1920, and upon the filing of the present account by the trustee claim is made that Tillie P. Coulter is entitled to an additional $5000, on the theory that the word "either" in the above paragraph should be construed to mean "each." The auditing judge rejected the claim, and, in doing so, we think he gave a correct interpretation of the will.

The word "either" is defined in Webster's International Dictionary as follows: "One of two; the one or the other; properly used of two things, but sometimes of a larger number, for 'any one.'" Also, "each of two; the one and the other, both; formerly, also, each of any number." It is "introductory to an alternative; it is correlative to 'or.'"

And in Oxford English Dictionary: "Each of the two;" "used of both persons and things;" "sometimes=each (of more than two things);" "one or other of the two;" "sometimes=any one (of more than two);" "used to connect more than two terms;" "introducing the mention of alternatives:" "As an alternative, 'which way you please;'" "in negative or interrogative sentences: Any more than the other."

And in the Century Dictionary and Cyclopedia: "Being the one or the other of two, taken indifferently, or as the case requires:" "being one and the other of two; being both of two, or each of two, taken together, but viewed separately;" "each of two; the one and the other;" "a disjunctive conjunction preceding one or a series of two or more alternative clauses and correlative with 'or' before the following clause or clauses."

And in Anderson's Dictionary of Law: "One or the other of several things; but sometimes one and the other. . . . May be used, as in a statute, in the sense of 'any.'"

And in Bouvier's Law Dictionary: "May be used in the sense of 'each.'"

And in Words and Phrases Judicially Defined: "As 'any;'" "as 'both;'" "one of any number."

There is, therefore, ample authority for the use of the word "either" in both a disjunctive and conjunctive sense. The ingenuity and industry of counsel have produced numerous examples to this effect, as shown in their briefs, all of which are interesting; but we are not concerned with the manner in which the word is used by other persons. The question before us is: How did the testator use the same? In our opinion, he used it in the disjunctive sense, as is shown by the use of the word "or" correlative thereto in the sixth paragraph of the will; furthermore, in the third paragraph, where he uses the same word in speaking of the same persons (his wife and half-sister), he says, "on the death of either of them, or both of them, the principal, . . ." etc. It will thus be seen that when testator used the word "either" in the sixth paragraph, he meant one of two, and in the third paragraph, where he uses it, he follows it with the word "both," evidently thinking that the use of the word "both" will prevent the word "either" from being construed in the disjunctive; but in the sixth paragraph there is no such supplementary word explanatory of the word "either," which in that paragraph testator plainly intended to be a disjunctive, thus showing that the testator realized that "either" might not mean "each" or "both," unless expressly so stated, which express statement is lacking in the sixth paragraph.

For the reasons above given, the exceptions filed to the action of the auditing judge are dismissed, and the adjudication is confirmed absolutely.